No. 956
STATE ex v. KLINGER et
No. 19369. Supreme Court
In mandamus. Dock. Oct. 5, 1925; 3 Abs. 642.

93. APPROPRIATIONS—Is it mandatory upon County Commissioners to appropriate $50 with which to defray expeneses for Memorial Day when request is made therefor?

This case was filed in the Supreme Court under the title of "State of Ohio, ex rel., John Tague Post No. 188, American Legion v. John W. Klinger et al." On the 6th day of July, 1925, the Local Post of the American Legion requested John Klinger et al., as the County Commissioners of Perry County, to allow said Post the sum of $50.00 to defray the expenses of Memorial Day, May 30, 1925. The defendants, as Commissioners on that date, failed and refused to allow said Post the sum of $50.00, but did allow them $16.66. On the 27th day of July, 1925, the Post again demanded in writing of the defendants the sum of $50.00, and returned to defendants the warrant for $16.66 which had previously been allowed. The defendants again denied the claim, and ordered that the sum of $16.66, which was returned by the Legion to the defendants, be returned to the county treasury. Thereupon plaintiff brought suit in mandamus in the Supreme Court to compel the defendants to allow them the sum of $50.00, as is provided by law.

Section 2503, General Code provides: "The commissioners of a county, annually, upon request of the officials thereof, may appropriate to each post of the Grand Army of the Republic, to each camp of the Spanish war Veterans, and to each camp or post of any organization of veterans of the World war against the Central Powers of Europe, in the County, the sum of fifty dollars to aid in defraying the expenses of Memorial day," - - - -

It is the contention of the Legion that the word "may" as used in Section 2503 is mandatory, and that no discretion is with the county commissioners, but that they must allow the sum of $50.00, when duly demanded, 35 OS. 284, to 287; 65 OS. 1.

Upon the filing of the petition in the Supreme Court, and upon application to the Judges of that Court, an alternative writ in mandamus was granted, requiring Commissioners to allow the Legion the sum of $50.00, as prayed for in the petition, or show cause on or before the 7th day of November why they have not done so. To this petition of the plaintiff, the defendants, filed a general demurrer, questioning the right of the plaintiffs to maintain the action. The demurrer has not yet been heard. The disposition of the demurrer will, no doubt, settle the case.

Attorneys—Joseph L. Meenan and Charles S. Druggan, for State ex; John W. Dugan, Prosecuting Attorney, for Klinger et., all of New Lexington.

No. 957
STATE v. DAWSON
In Re Exceptions of the Prosecuting Attorney of Muskingum County
No. 19356. Supreme Court
Motion for leave to file bill of exceptions. Dock. Sept. 30, 1925; 3 Abs. 595.

1235. VERDICT—Can court direct verdict for defendant in a criminal case, if there is not entire failure of proof as to any essential element of the crime.

E. T. Dawson purchased a Dodge automobile from the A. D. Gorrell Motor Co. The value and agreed price was $575 of which $50 was paid in cash, to which sum of $575, 10% was added for insurance, etc., with a note given for $582 secured by chattel mortgage, signed, delivered, filed and recorded according to law.

Dawson afterwards removed the car to Chicago, Illinois; and upon discovering his whereabouts, the Company notified him that he had removed a mortgaged automobile without the consent of the mortgagee. Dawson wrote, promising to return it within a few days. The automobile was not returned and a warrant was issued for Dawson's arrest, but he could not be found. He was finally located in West Virginia, arrested and returned to Zanesville, about Apr. 15, 1925.

Dawson was charged with having removed mortgaged personal property from Ohio, without consent of the owner with intent to defraud. The case was instituted in the Muskingum Common Pleas, and upon close of the State's case, Dawson moved that the court arrest testimony from the jury and direct the jury to return a verdict for him.

The court in granting the motion held:

"There is no necessity for this court letting this case go to this jury because under the evidence the state itself has produced here; and if you should or would, but I don't think you would, so render a verdict of guilty, I could not let such a verdict stand. There is absolutely no evidence here under the State's testimony that could or would convict this man. There ought never to have been any indictment of this man. Prepare a verdict of 'Not Guilty' and I direct you as a jury to go to your room and sign that verdict."

The case was taken to the Supreme Court on motion for leave to file a bill of exceptions and it was claimed that: "A party is entitled to the opinion of the jury upon facts tending to prove his case if there is some evidence tending to prove each of the material averments of the petition, even though the evidence is so slight that the court would feel called upon to set aside the verdict rendered upon such insufficient evidence." 38 OS. 389, 393.

It is further contended that "In criminal cases, a question for the jury must be left for the jury. Unless there is an entire failure of proof as to any essential element of the crime, the court is not authorized to direct a verdict for the defendant." State v. Gross, 91 OS. 161.